UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN STEWART, | No. 2:17–cv–2418–TLN–KJN PS |
| Plaintiff, | ORDER |
| v. | |
| PROPERTY AND CASUALTY INSURANCE CO. OF HARTFORD, | |
| Defendant. | |

On June 19, 2020, defendant filed a motion for summary judgment, and a hearing on this motion was ultimately set for August 13, 2020. (ECF Nos. 61, 63.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date: by July 31, 2020. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ."). The Court's docket reveals that plaintiff, who is proceeding without counsel, failed to file an opposition (or statement of non-opposition).

///

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Given plaintiffs' pro se status, the court does not recommend granting the motion for summary judgment at this time. Instead, the court will provide an additional opportunity for plaintiff to either respond to defendants' motion for summary judgment, or to file a statement of

////

non-opposition to defendant's motion.[1]  Plaintiff should observe Local Rule 260 regarding her opposition to the motion for summary judgment.[2]  Any further failure by plaintiff to oppose will be construed as non-opposition to defendant's motion.

**ORDER**

IT IS HEREBY ORDERED that:

1. The August 13, 2020 hearing on defendants' motion (ECF No. 61) is VACATED;

2. Plaintiff shall file a written opposition to the motion for summary judgment, or a statement of non-opposition thereto, on or before August 27, 2020.  Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and may constitute an additional ground for the imposition of appropriate sanctions; and

3. Defendant may file a written reply to plaintiff's opposition on or before September 3, 2020.  Thereafter, the court will take this matter under submission without a hearing.

Dated:  August 4, 2020

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stew.2418

---

[1] Given the court is under restricted access due to the current health crisis (See General Order 612), plaintiff may submit her filing by mail.  Should plaintiff wish to submit her opposition in person at the court, she is advised to bring a copy of this order with her—as the current general order restricts public access to the facilities.

[2] The Local Rules of the Eastern District of California are available on the court's website, at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/