1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COLLEEN STEWART,                           No.  2:17–cv–2418–TLN–KJN PS

12               Plaintiff,                       ORDER

13         v.

14    PROPERTY AND CASUALTY
      INSURANCE CO. OF HARTFORD,
15
                Defendant.
16

17         On June 19, 2020, defendant filed a motion for summary judgment. (ECF Nos. 61.)

18    Plaintiff failed to respond or submit her own motion by the deadline, and so the court vacated the

19    hearing.  See Local Rule 230 ("Opposition, if any, to the granting of the motion shall be in

20    writing and shall be filed and served not less than fourteen (14) days preceding the [] hearing date

21    . . . No party will be entitled to be heard in opposition to a motion at oral arguments if opposition

22    to the motion has not been timely filed by that party.") (citing L.R. 135).  Rather than construe

23    plaintiff's failure to respond as non-opposition, the court set an additional deadline for plaintiff to

24    respond.  (See L.R. 230(c) ("A failure to file a timely opposition may also be construed by the

25    Court as a non-opposition to the motion.")  Plaintiff then requested an extension of time to submit

26    her motion, and the court granted an additional month.  (ECF No. 64.)  After plaintiff's

27    submission and defendant's reply, the court ordered the matter taken under submission without a

28    hearing.  (Id.); see also L.R. 230(c), (g).

                                              1

1       Pursuant to that order, the court received plaintiff's opposition (ECF No. 69), defendant's

2 reply (ECF No. 71), plaintiff's declaration (ECF No. 72), defendant's objections (ECF No. 73),

3 plaintiff's statement (ECF No. 76), defendant's objections to this statement (ECF No. 77), and

4 plaintiff's objections (ECF No. 78).  The deadline for submission of documents has now passed,

5 and the case is under submission.  Despite this fact, plaintiff has contacted the courtroom deputy

6 for this chambers on multiple occasions by email.  In these emails, plaintiff appears to be

7 attempting to submit additional documents concerning her case.  The courtroom deputy has

8 informed plaintiff on multiple occasions that she cannot communicate with the court via email,

9 but she has persisted in doing so.

10       Plaintiff shall cease contacting the court to submit any documents regarding her case.  The

11 motions are now under submission, and the parties will be contacted if any more information is

12 required.  The parties will be informed of the court's findings and recommendations after

13 reviewing all information currently received.  Failure to follow this order will result in sanctions,

14 which may include monetary sanctions including possibly dismissal of plaintiff's case.  See Local

15 Rule 110 ("Failure [] of a party to comply with these Rules or with any order of the Court may be

16 grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

17 within the inherent power of the Court."); L.R. 183(a) ("Any individual representing [] herself

18 without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules,

19 and all other applicable law.  All obligations placed on "counsel" by these Rules apply to

20 individuals appearing in propria persona.  Failure to comply therewith may be ground for

21 dismissal, judgment by default, or any other sanction appropriate under these Rules."); see also

22 King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of

23 procedure that govern other litigants") (overruled on other grounds).

24 Dated:  October 16, 2020

25

26                           KENDALL J. NEWMAN
    stew.2418                     UNITED STATES MAGISTRATE JUDGE

27

28