UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN STEWART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>　　　　Defendant. | No. 2:17-cv-02418-TLN-KJN<br><br>**ORDER** |

　　　　This matter is before the Court pursuant to Plaintiff Colleen Stewart's ("Plaintiff") Motion for Extension of Time for Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (ECF No. 89; *see also* ECF No. 92 (Ninth Circuit remand order).) No opposition was filed. For the reasons set forth below, Plaintiff's Motion is GRANTED.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, currently proceeding in this matter *pro se*,[1] initiated this action in the El Dorado County Superior Court on October 12, 2017. (ECF No. 1.) Defendant Property and Casualty Insurance Company of Hartford ("Defendant") removed the action to the Eastern District of California on November 16, 2017. (*Id.*) On June 19, 2020, Defendant moved for summary judgment. (ECF No. 61.)

On January 21, 2021, the magistrate judge issued findings and recommendations which recommended granting Defendant's motion for summary judgment and dismissing the action. (ECF No. 86.) No objections to the findings and recommendations were filed. However, on February 11, 2021, after Plaintiff communicated with the courtroom deputy for the magistrate judge that she had not received the findings and recommendations, the court re-served them on Plaintiff and allowed additional time for Plaintiff to respond.[2] Nevertheless, no objections were filed after this re-service.

On March 18, 2021, the Court adopted the findings and recommendations in full, granted Defendant's motion for summary judgment, and dismissed the action. (ECF No. 87.) Judgment was entered on the same day. (ECF No. 88.)

On April 21, 2021, Plaintiff filed a combined notice of appeal/motion for extension of time for appeal. (ECF No. 89.) The notice of appeal was untimely pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).[3] The motion to extend time for appeal was unopposed. On May

---

[1] Plaintiff was represented by counsel when she initiated this lawsuit in 2017, but counsel subsequently moved to withdraw as Plaintiff's attorney in April 2019. (ECF No. 42.) The Court granted counsel's motion in March 2020. (ECF No. 59.) Plaintiff proceeded *pro se* thereafter.

[2] Plaintiff additionally emailed multiple complaints to the magistrate judge's courtroom deputy during this time period, despite being informed multiple times that she could not communicate directly with the Court by email. The Court also noted service to Plaintiff's South Lake Tahoe residence was proper at all times because that was the address Plaintiff listed with the Court and Plaintiff did not, at any point during the litigation, submit a change of residence with the Court.

[3] Judgment was entered on March 18, 2021. (ECF No. 88.) Therefore, Plaintiff was required to file her notice of appeal by April 19, 2021. Fed. R. App. P. 4(a)(1)(A). Accordingly, Plaintiff's April 21, 2021 filing was two days late.

2

13, 2021, the Ninth Circuit issued an order staying the appeal and remanding the case to this Court for the limited purpose of ruling on Plaintiff's pending motion to extend time. (ECF No. 92.)

**II. STANDARD OF LAW**

Pursuant to the Federal Rules of Appellate Procedure, an appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). The notice of appeal must be filed within 30 days after the entry of judgment or order. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). Filing an appeal within the prescribed time is mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 207, 214 (2007) (holding that courts have no authority to create equitable exceptions to § 2107(a) and use of the "unique circumstances" doctrine is illegitimate). However, a district court has limited discretion to extend the time to file a notice of appeal if the party moves for an extension of time no later than 30 days after the 30-day period has expired, and if that party also establishes either "good cause" or "excusable neglect." Fed. R. App. 4(a)(5)(A)(ii); 28 U.S.C. § 2107(c); *see also Bowles*, 551 U.S. at 208. Denial of a Rule 4(a)(5) motion to extend time to appeal is reviewed for abuse of discretion. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1053–54 (9th Cir. 1996) (grant of extension was "not a clear error of judgment" even though it was "considerably lenient").

    A. <u>Good Cause</u>

The "good cause" and "excusable neglect" standards are not interchangeable, but mutually exclusive. *See Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990)); *see also Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). The Advisory Committee's Note to the 2002 Amendments to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) distinguishes "good cause" from "excusable neglect" as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

///

2002 Comments to Fed. R. App. P. 4(a)(5)(A)(ii); *see also Slovinec v. Am. Univ.*, 552 F. Supp. 2d 12, 13–14 (D.D.C. 2008).

B. Excusable Neglect

In the Ninth Circuit, "the standard for determining excusable neglect is a 'strict' one." *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411–12 (9th Cir. 1986). It only allows an extension of time where "*both* extraordinary circumstances preventing a timely filing *and* injustice resulting from denying the appeal" are present. *Marx*, 87 F.3d at 1053 (citing *Pratt v. McCarthy*, 850 F.2d at 590, 593 (9th Cir. 1988)) (emphasis in original); *see also Sprout v. Farmers Ins. Exchange*, 681 F.2d 587, 588 (9th Cir. 1982) ("The party requesting the extension . . . . must certainly show more than mere unilateral inadvertence or mistake of counsel.").

Under the "excusable neglect" analysis, courts use a four-part balancing test to determine whether a party has made the required showing: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship (Pioneer)*, 507 U.S. 380, 395 (1993)). The third factor is considered the most important, as it may balance out any findings under the other factors. *Id.* at 861–62. The weighing of *Pioneer's* equitable factors is left to the discretion of the district court "in every case." *Id.* at 859–60.

**III. ANALYSIS**

Plaintiff appears to argue "good cause," or alternatively "excusable neglect," exists to extend her time to appeal the Judgment because her original filings were delayed and/or lost in the mail due to the COVID-19 virus and she was not receiving mail from the Court. (*See generally* ECF No. 89.) Plaintiff additionally appears to assert some delay occurred at some point during this time period because she was hospitalized for six days after sustaining three broken ribs and a fractured spine. (*See id.*) The Court is satisfied that Plaintiff has met her burden under these circumstances.

/ / /

Plaintiff asserts she mailed a letter indicating her intent to appeal along with a check for her filing fee on March 15, 2021, but the Court returned her check and it was subsequently lost in the mail. (*Id.* at 1.) Plaintiff also contends that her mailings to and from the Court have been lost and/or delayed by the U.S. Postal Office due to COVID-19. (*Id.* at 1–2.) Plaintiff does not expressly state she did not receive timely notice of the entry of judgment due to delays occurring within the Postal Office. However, Plaintiff appears to argue that her notice of appeal would have been timely filed but for these Postal Office delays. (*See generally id.*)

The certified mail receipt attached to Plaintiff's motion corroborates her assertion that she mailed a filing to the Court on March 15, 2021. (*Id.* at 3.) While Plaintiff does not expressly detail what happened, the Court surmises Plaintiff prematurely attempted to appeal the summary judgment based on the findings and recommendations rather than the March 18, 2021 judgment, and that the clerk returned her check because the filing was premature. However, because the returned mail was purportedly lost by the U.S. Postal Delivery Service, Plaintiff did not immediately realize she needed to correct her filing error.

The Court acknowledges "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" or good cause. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (even *pro se* litigants must comply with procedural and substantive law and court rules). Nonetheless, it is a "flexible, equitable concept." *Pioneer*, 507 U.S. at 392; *see also Pincay*, 389 F.3d at 859 (rejecting per se rule that ignorance of federal rules can never be excusable neglect in favor of more "'elastic concept' equitable in nature"); *Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 130 (D.D.C. 2011) (*pro se* litigant's unfamiliarity with appellate procedure following withdrawal of counsel was a factor in excusable neglect finding).

Here, the circumstances of the COVID-19 pandemic and any lost or delayed mailing due to the pandemic were clearly beyond Plaintiff's control. *See* 2002 Comments to Fed. R. App. P. 4 ("If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension."); *Ticknor v. Choices Hotels Intern., Inc.*, 275 F.3d 1164, 1165 (9th Cir. 2002) (good cause existed where the closure of United States airspace

following the September 11, 2001 attacks caused nationwide delays in mail delivery) (citing *Knoblauch v. Comm'r*, 752 F.2d 125, 128 (5th Cir. 1985) (holding that holiday-related mail delays justified a late filing of cost bills)); *Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir. 1986) (finding good cause existed where mailing delay caused filing to be two days late). Similarly, even though the exact date of Plaintiff's hospitalization is unknown, the Court finds the additional delay that likely occurred because of the injuries Plaintiff sustained was also beyond her control. *See, e.g.*, *Comm. for Idaho's High Desert v. Yost (Yost)*, 92 F.3d 814, 824 (9th Cir. 1996) (possible examples of excusable neglect included illness); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 75 (6th Cir. 1994) (reversing dismissal where district court failed to consider *pro se* plaintiff's medical claims and his reasonable and diligent efforts to complete service in its determination of good cause); *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (upholding finding of excusable neglect where it was undisputed that counsel's illness was so physically and mentally incapacitating that he was prevented from timely filing appeal); *LeMaster v. City of Winnemucca*, 113 F.R.D. 37, 38–39 (D. Nev. 1986) (counsel's illness requiring chemotherapy and radiation treatments constituted good cause for 17-day delay in service).

The Court is thus inclined to conclude that, if not for Plaintiff's lost mail and hospitalization, Plaintiff would have discovered her procedural error and properly filed her notice of appeal before the April 19, 2021 deadline. *See Ticknor*, 275 F.3d at 1165; *Knoblauch*, 752 F.2d at 128; *Scarpa*, 782 F.2d at 301; *Habib*, 15 F.3d at 75; *Islamic Republic of Iran*, 739 F.2d at 465. Indeed, Plaintiff filed instant notice of appeal and motion only two days after the deadline (*see* ECF No. 89), and she demonstrated diligence throughout this litigation by constantly communicating with the Court to track and stay apprised of the status of her case.

Accordingly, the Court is satisfied that good cause exists to extend the appeal deadline under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). In light of this finding, the Court does not reach the issue of whether an extension is warranted based on excusable neglect.

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension of Time for Appeal is hereby GRANTED. (ECF No. 89.)

Pursuant to the instructions set forth by the Ninth Circuit in its May 13, 2021 order (ECF No. 92), the Clerk of the Court is directed to send a copy of this Order to the Ninth Circuit for Case No. 21-15753. Plaintiff does not need to file a new notice of appeal.

IT IS SO ORDERED. DATED: May 20, 2021

Troy L. Nunley
United States District Judge